**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>DAWN NAJERA,<br><br>                Defendant. | CASE NO. 18cr4611-LAB-2<br><br>**ORDER:**<br><br>1) DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 [Dkt. 224]; and<br><br>2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Dkt. 223] |

Dawn Najera pled guilty to conspiracy to distribute 50 grams or more of methamphetamine, an offense that carries a 10-year mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A). On May 28, 2021, the Court sentenced her to 151 months of imprisonment, accounting in its sentencing guidelines calculation for—and finding Najera ineligible for safety valve relief from the mandatory minimum because of—Najera's knowing possession of a dangerous firearm in connection with the offense. (Dkt. 206). Six months later, she filed a motion seeking appointment of counsel "to appeal [her] case under [i]neffective assistance of counsel," (Dkt. 223), and subsequently filed a motion

for habeas relief under 28 U.S.C. § 2255. (Dkt. 224). But these motions are meritless: 1) Najera's time to appeal expired on June 11, 2021, long before she sought counsel for that purpose; and 2) Najera can't get relief under § 2255 based on an ineffective assistance of counsel theory that the Court has already considered and rejected. Both motions are **DENIED**.

## I. Najera's Time to Appeal Has Expired

Unless the Government appeals first, a defendant's notice of appeal must be filed in the district court within 14 days of the entry of the judgment or order being appealed. Fed. R. App. P. 4(b). This time limit cannot be extended absent a finding of excusable neglect or good cause, and even then it can be extended by no more than another 30 days. Fed. R. App. P. 26(b)(1); Fed. R. App. P. 4(b)(4). Najera's appeal deadline, absent any such extension, was June 11, 2021, and an extension couldn't have moved that deadline beyond July 11, 2021.[1] Appointing counsel to assist with an untimely appeal would be futile, so the Motion to Appoint Counsel for the purpose of pursuing an untimely appeal is **DENIED**.

## II. Najera Isn't Entitled to Relief Under § 2255

Najera's challenge to her sentence under 28 U.S.C. § 2255 fails, too. Under that statute, a prisoner serving a federal custodial sentence may move to vacate, set aside, or correct a sentence imposed: 1) in violation of the Constitution or laws of the United States; 2) by a court lacking jurisdiction to impose such a sentence; or 3) in excess of the maximum authorized by law.

---

[1] Nor does the Court perceive any exceptional circumstances that would warrant an order vacating and reentering the judgment in order to resurrect Najera's right to an appeal. *See, e.g., Washington v. Ryan*, 833 F.3d 1087, 1092 (9th Cir. 2016). This isn't a case of delayed discovery of attorney misconduct. As discussed in greater detail below, Najera knew of the purported ineffective assistance as soon as it allegedly occurred; she relied on that theory in seeking (and receiving) new appointed counsel; and she relied on the theory again in moving to withdraw her plea prior to sentencing.

28 U.S.C. § 2255(a). Ineffective assistance of counsel may support a § 2255 petition where the petitioner "demonstrate[s] that counsel's actions were deficient and that [the petitioner] was prejudiced by reason of counsel's actions." Because the Court has already determined that Najera can't show any deficiency in her representation, her petition for habeas relief is **DENIED**.[2]

Najera contends that she didn't receive effective assistance of counsel because her Court-appointed attorney, Richard Boesen, "mistreated [her], tricked [her], and lied to [her] . . . in order to get [her] to sign the plea deal." (Dkt. 223 at 3). Boesen, she alleges, told her that she "need[ed] to sign the deal to get under 10 years," (*id.*), the mandatory minimum sentence for distribution of 50 grams or more of methamphetamine. 21 U.S.C. § 841(b)(1)(A). She asserts that she later learned that the Court could "not go under 10 years with [a] 2pt [enhancement] for [possession of a] gun." (Dkt. 223 at 3). When she then sought to withdraw her plea through Leah Kisner, another Court-appointed attorney, Kisner allegedly refused to seek a withdrawal and failed to attend a plea withdrawal hearing. (*Id.*).

But the complete record tells a different story. First, it contradicts the claim that Boesen assured Najera that she would receive a sentence shorter than the mandatory 10-year minimum. When Najera submitted her guilty plea, she affirmed that no one "promise[d] [her] anything other than what's set forth in the plea agreement in exchange for [her] plea." (9/5/19 Hr'g Tr., Dkt. 164, at 8:23–9:1). The Government stated at the same hearing that the offense carried

---

[2] Because this conclusion is plain from the petition, as well as the files and records of this case, the Court may rule on the petition without a hearing. 28 U.S.C. §2255(b). And for the same reason, the Court need not appoint counsel to represent Najera in connection with her petition. *See* 18 U.S.C. § 3006A (courts have discretion to appoint counsel "if the interests of justice so require"); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (court must appoint counsel to represent indigent § 2255 petitioners "when the complexities of the case are such that denial of counsel would amount to a denial of due process").

"a mandatory minimum of 10 years," (*id.* at 5:16–17), and Najera represented that she understood, (*id.* at 5:23–25).

Next, regardless of Kisner's alleged unwillingness to seek a withdrawal of the guilty plea, Najera received ample opportunity to file such a motion through different counsel. After the Court replaced Boesen with Kisner, Najera moved for appointment of another counsel because Kisner allegedly took part in the discussions surrounding the plea deal. The Court granted that motion in relevant part, appointing Frank Morell for the purpose of advising Najera on whether to withdraw her plea. (Dkt. 155). Najera, through Morell and with Kisner in attendance, declined to move to withdraw her plea at a July 20, 2020 hearing. (Dkt. 168).

She later reversed course and sought to withdraw her plea, (Dkt. 201), but only after: 1) at an August 3, 2020 sentencing hearing, the Court found that she knowingly possessed a firearm in connection with the offense, disqualifying her from safety valve relief from the mandatory minimum, (Dkt. 175 at 16:23–25); 2) she convinced the Court to defer sentencing, insisting that it was mistaken and volunteering to take a polygraph examination to persuade the Court of it, (*see id.* at 24:8–25); and 3) she failed that exam (Dkt. 196 at 7:23–8:2).

In considering that plea withdrawal motion, the Court found that Najera hadn't demonstrated a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Shehadeh*, 962 F.3d 1096, 1100–01 (9th Cir. 2020) (Rule 11(d)(2)(B) standard applies until trial court issues "final sentence"). Her ineffective assistance of counsel theory required the Court to balance her testimony against Boesen's own account. This was a credibility contest Najera couldn't win after the Court considered: her representations that she understood her sentencing exposure; her prior false statements; and her apparent opportunism in waiting to seek plea withdrawal

until she saw how sentencing would play out. *See, e.g., United States v. Mayweather*, 634 F.3d 498, 506–07 (9th Cir. 2010) (no "fair and just reason" for withdrawal where "[defendant]'s claim that he pleaded guilty under a mistaken belief as to his sentencing exposure [was] '"demonstrably false"'"); *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069–70 (9th Cir. 1987) (no abuse of discretion where court found defendant's "change of heart" insufficient to establish "fair and just reason" to permit withdrawal of guilty plea).

Just as Najera couldn't establish ineffective assistance of counsel to establish a fair and just reason to permit her to withdraw her plea, she likewise can't establish that her counsel's actions were so deficient that her sentence based on that plea is unlawful. The petition under 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 26, 2022

*[signature]*

**HON. LARRY ALAN BURNS**
United States District Judge