UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

DAWN NAJERA,
Defendant.

Case No.: 3:18-cr-04611-RBM-2

**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

[Doc. 289]

On August 4, 2026, Defendant Dawn Najera filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Najera's Mot."). (Doc. 289.) The Government has filed a Response in Opposition. (Doc. 294.) For the reasons set forth below, the Court **DENIES** Najera's Motion because she has not established that (1) being housed at FCI Dublin from 2022 to 2024, (2) the COVID-19 pandemic, (3) her rehabilitative progress and (4) medical ailments present "extraordinary and compelling circumstances" warranting compassionate release.

First, Najera states that while housed at FCI Dublin from 2022 to 2024, she lived in a hostile climate of sexual abuse[1] and provides some individualized claims of sexual

[1] This information was provided in a January 2023 request to the Warden seeking compassionate release.

harassment including being made to serve as the "look out" and activities witnessed. (Najera's Mot. at 6–11; Ex. C; Ex. F at 104.) Najera briefly mentions the impact of such to her mental well-being but does not provide any further specific information about these conditions or their severity. (Najera's Mot. at 10–11.)

Second, Najera does not explain how the lockdowns due to the COVID-19 pandemic specifically impacted her wellbeing and the ways in which it has made her sentence unnecessarily punitive. (*See* Najera's Mot. at 3, 16); *United States v. Willis*, 663 F. Supp. 3d 1203, 1210 (D. Or. 2023) ("General conditions in a prison related to COVID-19, without some circumstance individual to a particular defendant, are not sufficient to reduce [the] defendant's sentence."). Without any further information about her individual circumstances and the dangers she faces, the Court does not have a basis to find that she presents "extraordinary and compelling circumstances" warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A).

Third, while the Court acknowledges her rehabilitative progress; there is nothing extraordinary about such progress, especially given her recent disciplinary sanctions. (Najera's Mot. at 11–12.)

Fourth, Najera provides information regarding pending diagnosis concerns and potentially serious conditions. Najera, however, does not provide specific information about these conditions or their severity and impact on her confinement. (*Id.* at 12.) Nevertheless, Najera's medical ailments, while unfortunate, appear insufficient to warrant compassionate release.

Further, because Najera has failed to allege extraordinary and compelling circumstances to grant compassionate release, the Court need not consider the § 3553(a) factors. *United States v. Chen*, 48 F. 4th 1092, 1094–95 (9th Cir. 2012) (explaining that all four requirements must be met). However, it is worth noting that those factors do not favor Defendant's release. Defendant's conduct – conviction for conspiracy to distribute more than 50 grams of methamphetamine and attempts to mislead the Court by false claims regarding possession of a firearm which resulted in the Court increasing her sentence –

strongly weigh against her release. The Court denies this Motion without prejudice in case Najera wishes to file a future motion for compassionate release with greater detail and supporting documentation.

Najera's Motion to Reduce Sentence (Doc. 289) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 25, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE